IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAKKADASAN SAMPATHACHAR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO.   03-5905 |
| FEDERAL KEMPER LIFE ASSURANCE | : | |
| COMPANY et al. | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                                       **January 8, 2007**

Kakkadasan Sampathachar, the successful plaintiff in this jury trial, submits a revised Bill of Costs totaling $31,886.45.  Federal Kemper Life Assurance Co., the sole remaining defendant, objects to most of the costs presented.  After hearing argument, I will sustain Federal Kemper's objections to two items and award costs of $31,405.76 to Sampathachar.

The taxation of costs is governed by federal rules of civil procedure even though this is an *Erie*-bound diversity case.  *Hanna v. Plummer*, 380 U.S. 460, 473 (1965) (holding a valid Federal Rule of Civil Procedure applies even where the plaintiff's claim is based on state law).  The federal rule provides "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1).[1]

---

[1](d)(1) Costs Other than Attorneys' Fees.
   Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Federal Rules of Civil Procedure Rule 54

1

Taxable costs referenced in Rule 54(d)(1) are enumerated in 28 U.S.C. § 1920.[2] *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1224 (3d Cir. 1995). Costs do not include attorney's fees and expenses except by separate motion. *Id.* at 1225. Denial of costs is a penalty and this Court's discretion is limited. *Smith v. SEPTA*, 47 F.3d 97, 99 (3d Cir. 1995). A losing party must show an award of costs is "inequitable under the circumstances." *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 462-63 (3d Cir. 2000).

I will sustain Federal Kemper's objection to the charge of $309.50 for private service of summons and subpoenas. Section 1921 explicitly provides that a court may tax as costs, fees for serving a subpoena or summons on a witness. 28 U.S.C. § 1921(a)(1)(B). In the absence of Third Circuit precedent, I am guided by the language of the statute which restricts reimbursement for service of summons and subpoenas to the amount charged by the U.S. Marshal. Since three subpoenas were served, I will allow $24 for this item.

Federal Kemper argues the $1,320 fee for a copy of the trial transcript was not "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). I find the transcript was reasonably ordered to respond to Federal Kemper's post-trial motions, even though it was not ultimately used for that

---

[2]Section 1920. Taxation of costs
A judge or clerk of any court of the United States may tax as costs the following:
    (1) Fees of the clerk and marshal;
    (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
    (3) Fees and disbursements for printing and witnesses;
    (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
    (5) Docket fees under section 1923 of this title;
    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920

purpose because the motions were decided before the transcript was delivered.  I will award the transcript fees of $1,320.

Federal Kemper objects to Sampathachar's request for costs for deposition transcripts and witness fees.  I will award Sampathachar his revised request of $12,907.22 because the witnesses were noticed and deposed by both sides without objection as to relevancy.  28 U.S.C. § 1920(2); *Raio v. American Airlines, Inc.*, 102 F.R.D. 608, 611 (E.D. Pa. 1984).

Federal Kemper objects to $8,390.34 taxable as compensation for interpreters who produced unofficial transcripts and videotaped depositions in India.  Circumstances of this case require deviation from the norm that either videotapes or written transcripts are taxable but not both.  *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993).  This Court may tax the costs of both the videotape and transcription when it finds an independent reason and "a stenographic transcript of a videotaped deposition will be necessarily obtained for use in the case."  *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997).  In this case, the language of the Indian deponents was heavily-accented to a Western ear and the rapidly shifting designations during trial required a written record as well as the videotape.  I find $8,390.34 taxable for depositions and interpreters in India.

The task of marrying the transcript to the videotape as a caption, and excising unwanted parts of both during trial fell to James DeCresenzo/Trial Technologies which billed $8,640.00 for work on this case.  Federal Kemper objects the videotape presentations were not exemplars "necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  Videotaped presentations are recoverable as exemplars under section 1920(4).  *In re Paoli R.R. Yard PCB Litigation*, No. 86-2229, 1999 WL 569435, *6 (E.D. Pa. Aug. 2, 1999), *aff'd in relevant part, In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449 (3d Cir. 2000).  I will tax $8,640.00 in costs for the exemplars.

I will sustain Federal Kemper's objection to taxation of $294.39 for two copies of paper trial exhibits and reduce the cost to $147.20 to cover the cost of the exhibits provided to Federal Kemper only.

The total of taxable costs is $31,405.76. An appropriate order follows.